**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0578n.06a

No. 20-5014

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 09, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| JENNIFER L. MOORE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: McKEAGUE, GRIFFIN, and BUSH, Circuit Judges.

PER CURIAM. Jennifer L. Moore challenges her within-guidelines sentence as substantively unreasonable. As set forth below, we **AFFIRM**.

Facing the loss of her home due to foreclosure, Moore committed a carjacking and two bank robberies, all while armed with a loaded semi-automatic pistol, in London, Kentucky, on July 19, 2018. A federal grand jury subsequently charged Moore with carjacking, in violation of 18 U.S.C. § 2119 (Count 2); brandishing a firearm during and in relation to a crime of violence, the carjacking charged in Count 2, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3); two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (Counts 4 and 5); and brandishing a firearm during and in relation to a crime of violence, the bank robberies charged in Counts 4 and 5, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 6). Count 1 charged Moore with another carjacking that occurred on July 5, 2018. Pursuant to a written plea agreement, Moore pleaded guilty to Counts 2, 4, 5, and 6. Moore denied committing the July 5 carjacking.

Moore's presentence report set forth a guidelines range of 70 to 87 months of imprisonment for Counts 2, 4, and 5 based on a total offense level of 27 and a criminal history category of I plus a consecutive term of 84 months of imprisonment for Count 6. Moore sought a substantial downward variance from the guidelines range, requesting a total sentence of 84 months, for three reasons: (1) her mental health issues contributing to her offenses; (2) her lack of criminal history, strong employment record, and otherwise productive life; and (3) the 5-level increase for brandishing or possessing a firearm in connection with the carjacking in addition to the 84-month consecutive sentence for brandishing the same firearm pursuant to Count 6. After considering Moore's arguments and the sentencing factors under 18 U.S.C. § 3553(a), the district court rejected her request for a downward variance and sentenced her to concurrent terms of 84 months on Counts 2, 4, and 5 and a consecutive term of 84 months on Count 6, for a total of 168 months of imprisonment. This timely appeal followed.

Challenging her within-guidelines sentence as substantively unreasonable, Moore asserts that the district court focused primarily on the egregiousness of the crimes and did not give adequate consideration to her minimal criminal history or her impaired mental health. We review the substantive reasonableness of Moore's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). A challenge to a sentence's substantive reasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "Weighing those factors 'is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much.'" *United States v. Castro*, 960 F.3d 857, 869 (6th Cir. 2020)

(quoting *Rayyan*, 885 F.3d at 442). We apply a rebuttable presumption of substantive reasonableness to Moore's within-guidelines sentence. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Moore has not overcome that presumption.

Moore contends that the district court focused primarily on her crimes, including dismissed conduct, without meaningful consideration of her mitigating circumstances. According to Moore, the district court erred in considering the conduct relating to the July 5 carjacking charged in Count 1, which the government dismissed, because that conduct was not supported by a preponderance of the evidence. The district court may consider dismissed conduct for sentencing purposes if that conduct has been proven by a preponderance of the evidence. *See United States v. Churn*, 800 F.3d 768, 780 (6th Cir. 2015). The district court compared images from a surveillance camera near the scene of the July 5 carjacking with images from the bank cameras during the July 19 robberies and noted "some striking similarities"—the images showed a female of comparable height and build wearing the same hat and sunglasses and carrying the same bag. The district court also noted that the victim of the July 5 carjacking identified Moore from a photograph. The district court properly found by a preponderance of the evidence that Moore committed the July 5 carjacking and considered that conduct for sentencing purposes.

Moore asserts that the district court did not give adequate consideration to her mitigating circumstances, including her minimal criminal history and impaired mental health. The district court pointed out that the guidelines calculation accounted for Moore's criminal history but recognized that having a criminal history category of I at the age of 50 was "certainly laudable." The district court found that Moore's long-time use of methamphetamine weakened "the mitigating aspect of that clean record." The district court stated that it had carefully considered Moore's mental health issues and read her psychological evaluations "with great care." The district court pointed out that the experts found Moore to be criminally responsible and that she

understood the nature and wrongfulness of her conduct. The district court rejected Moore's argument that she experienced a "mental snap" due to the loss of her home and found that she made the choice to engage in this conduct, noting that she had long notice of the foreclosure, that she carried out a similar carjacking two weeks earlier, and that her crimes involved significant planning, including wearing a disguise, carrying a firearm, and robbing two banks to obtain enough money to exercise her right of redemption. The district court concluded that Moore's mental health issues warranted access to treatment rather than a downward variance. The record demonstrates that the district court gave a reasonable amount of weight to Moore's mitigating circumstances.

Finally, Moore argues that the 5-level increase for brandishing or possessing a firearm in addition to the 84-month consecutive sentence for brandishing a firearm during and in relation to a crime of violence, although permissible, resulted in an overly harsh sentence given that she used the firearm in a sequence of events occurring only minutes apart. Moore received the 5-level increase for brandishing or possessing a firearm in connection with the carjacking charged in Count 2. *See* USSG § 2B3.1(b)(2)(C). Moore's guilty plea to Count 6, charging her with brandishing a firearm during and in relation to the bank robberies, required a seven-year consecutive sentence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). The district court pointed out that Moore avoided an additional seven-year consecutive sentence with the dismissal of Count 3, the § 924(c) charge related to the carjacking. Determining that the carjacking was a distinct crime from the bank robberies and that the firearm posed an independent danger to the carjacking victim, the district court concluded that "[t]he firearm should be counted with respect to that conduct in some way." As the government points out, "[t]he mere fact that a series of sentencing decisions—none of which is itself erroneous—results in a harsher sentence does not make the sentence unreasonable." *United States v. Elliott*, 521 F. App'x 513, 520 (6th Cir. 2013).

The record shows that the district court carefully considered the § 3553(a) factors and Moore's arguments in support of a downward variance, properly balanced those considerations, and imposed a substantively reasonable sentence.

Accordingly, we **AFFIRM** Moore's sentence.